## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

**BRENDA STEWART**                                         **PLAINTIFF**

**v.**                                            Case No. __18-2214__
                                                  **Jury Trial Demanded**

**HENDERSON STAMPING AND**                                 **DEFENDANT.**
**PRODUCTION, INC.,**

---

### COMPLAINT

---

### I. INTRODUCTION

As more specifically set forth herein, Plaintiff alleges that Defendant violated rights secured to her under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended at 42 U.S.C. §§ 2000e, et seq., and the Tennessee Human Rights Act, at Tenn. Code Ann. §4-21-401 et seq. In addition, Plaintiff brings state law claims against Defendant for intentional infliction of emotional distress, outrage, negligent hiring, supervising, and retention. In support thereof, Plaintiff would show the following:

### II. JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed this lawsuit within 90 days of the receipt of a right to sue letter from the EEOC attached hereto as Exhibit "A". In addition, Plaintiff invokes the Court's supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.  Venue is proper in this District as the Plaintiff is a resident of this District, was

employed by Defendant in this District, and the causes of action arose in this District within the meaning of 28 U.S.C. § 1391.

### III. PARTIES

3. Plaintiff Brenda Stewart is a female adult citizen of Pinson, Tennessee.

4. Defendant Henderson Stamping and Production, Inc. is a privately held corporation that serves as a Tooling and Manufacturing entity that produces parts for third parties. Its agent for service of process is James R. Porter and can be served with process at 1323 US Highway 45 N. Henderson, Tennessee 38340-4019.

### IV. FACTS

5. Plaintiff was employed by the Defendant on or about August 26, 2016. Plaintiff was hired as an inspector. At all times during her employment, Plaintiff performed her job in a competent manner.

6. During her employment with Defendant, Plaintiff worked under the supervision of Brian Wells. Wells is a male adult who worked for Defendant and held the position of Line-Leader.

7. As line leader and one of the few employees of Defendant, as well as the Line Lead to which Ms. Stewart was assigned, Wells held real and/or apparent authority to make personnel decisions affecting Plaintiff.

8. During her employment with Defendant, Brian Wells, while on the premises of the company and during work hours, subjected Plaintiff to numerous and repeated unwelcomed sexual advances, unsolicited touching, and other unwelcomed sexually harassing behavior, including showing Plaintiff a picture of his private part.

9. Upon information and belief, Wells has also sexually harassed other female employees of Defendant Henderson Stamping and Production, Inc.

10. On or about April 28, 2017, Plaintiff arrived at work and during the day Wells yelled at her and blamed her for another employee's mistake. The dispute caused Plaintiff to cry, and she alerted the Plant Supervisor, James Finder, that she did not feel well and that she was going home. Plaintiff proceeded to clock out and she called back later that day and James Finder told her that because she did not go to her work station she was fired.

13. Plaintiff attempted to explain that she had gone to her work station, but Wells caused her to go to the office. Despite Plaintiff's explanation, Defendants maintain that she was terminated from her position.

14. Defendants actions as described above constituted quid pro quo sexual harassment, hostile work environment sexual harassment, and retaliation for complaining and refusing to acquiesce to sexual favors, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Tennessee Human Rights Act.

15. Defendant's actions as described above constitute outrage and intentional infliction of emotional distress.

16. Also, Defendant knew or should have known of Brian Wells' unfitness for the job of supervisor; Defendant knew or should have known that hiring and/or retaining Wells would pose an unreasonable risk of harm to female employees; and Defendant knew or should have known about Wells' sexually harassing female employees and that Wells posed an unreasonable risk of harm to Defendant's female employees. Accordingly, Defendant should not have hired and/or retained Wells to supervise its female employees.

## V. CAUSES OF ACTION

17. Plaintiff incorporates paragraphs 1 through 16 above as though specifically set forth

herein and states that Brian Wells' actions constitute unlawful sexual harassment and intentional discrimination on the basis of sex, and retaliation for complaining and refusing to acquiesce to sexual favors, in violation of Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. §§ 2000e, et seq., and the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-401 et seq. for which her employer, Defendant, is vicariously liable.

18. In addition, Plaintiff incorporates paragraphs 1 through 17 above as though specifically set forth herein, and states that the Defendant's actions as described above constitute outrage and intentional infliction of emotional distress. Moreover, Defendant acted negligently in hiring and/or retaining Brian Wells, as they knew or should have known of his propensity to harass and discriminate against women. Accordingly, Defendant is liable to Plaintiff for the harm suffered by Plaintiff proximately caused by Defendant's outrageous conduct and intentional inflectional of emotional distress, as well as negligent hiring, supervising and retention of Brian Wells.

19. As a direct and proximate result of Defendants' actions and conduct as described above, Plaintiff has suffered the loss of her job, loss of wages, benefits and other pecuniary losses. The actions have also caused Plaintiff to suffer embarrassment, humiliation, anxiety and emotional distress, among other things. The unlawful actions of the Defendant complained of above were intentional, malicious and taken with reckless disregard of the rights of Plaintiff.

**RELIEF REQUESTED**

Based upon the foregoing, Plaintiff requests that Defendant answer this complaint and that, after a trial by jury, the Court enter a judgment for Plaintiff awarding her the following relief:

1. A permanent injunction enjoining Defendant from violating the civil rights of female employees;

2. Loss of compensation, back pay, and front pay in an amount to be proved at trial;

3. Compensatory damages for emotional distress in an amount to be proved at trial;

4. Punitive damages in an amount to be proved at trial;

5. Pre-judgment and post-judgment interest;

6. Reasonable attorney fees, expert witness fees, and costs; and

7. Such other general and specific relief to which Plaintiff is entitled.

Respectfully submitted,

_____
James D. Harper, TN Bar No. 019415
Harper Whitwell PLLC
800 College Hill Road, Suite 5201
P.O. Box 3150
Oxford, Mississippi 38655
Tel: 662-234-0320
Fax: 662-259-8464
james@harperwhitwell.com

**ATTORNEY FOR PLAINTIFF**

PLAINTIFF, BY AND THROUGH HER ATTORNEY, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38, RESPECTFULLY REQUESTS A TRIAL BY STRUCK JURY ON ALL CLAIMS AND ISSUES PRESENTED HEREIN AS ALLOWED BY FEDERAL AND TENNESSEE LAW.

_____
**JAMES D. HARPER**
**Attorney for Plaintiff**